**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| William Vinje,<br><br>   Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>   Defendant. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 1:16-cv-024-CSM |

Before the court is defendant's "Motion to Dismiss for Lack of Jurisdiction" filed on May 4, 2016 See Docket No. 11. Both parties consented to proceed before a magistrate judge. For the reasons set forth below, defendants' motion to dismiss is granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, William Vinje ("Vinje") brought this Federal Tort Claims Act ("FTCA") suit against the United States Postal Service ("USPS") on February 11, 2016. See Docket No. 1. On March 28, 2016, the court entered an Order substituting the United States of America ("United States") as the proper party defendant. See Docket No. 10. Vinje alleges that on or about February 11, 2014, he was involved in a motor vehicle accident in the State of North Dakota while he was in the scope of his employment with the United States Postal Service. See Docket No. 1. Specifically, Vinje alleges that he was rear ended by a Mr. Lucas Johnson. Id. Vinje seeks damages in the amount of $6,543.05. Id. Vinje asserts that because he was in the scope of his employment during the accident, his employer, the USPS, is liable for the injuries suffered and expenses incurred by him. Id.

On May 4, 2016, the United States moved for dismissal of this action because Vinje failed

to exhaust his administrative remedies under the FTCA before bringing this suit. See Docket No. 11. On May 31, 2016, the court entered an order allowing Vinje until June 3, 2016 to file a brief in response to defendant's motion. See Docket No. 13. Plaintiff has not filed a response and the time to do so has passed.

## II.   STANDARD OF REVIEW

Unlike state courts, a federal district court is a court of limited jurisdiction. Before the court will consider the substantive issues raised by the parties, the court must first determine whether it has jurisdiction over an action. "'Subject matter jurisdiction defines the court's authority to hear a given type of case.'" Carlsbad Tech., Inc. v. HIF Bio. Inc., 129 S. Ct. 1862, 1866 (2009) (quoting United States v. Morton, 467 U.S. 822, 828 (1984)). It represents "the extent to which a court can rule on the conduct of persons or the status of things." Carlsbad Tech., 129 S. Ct. at 1866 (quoting Black's Law Dictionary 870 (8th ed. 2004)).

The United States seeks dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. See Docket No.11. Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide. Mentz v. United States, 359 F. Supp. 2d 856, 858 (D.N.D. 2005). Because jurisdiction is a threshold question, the district court may consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). Green Acres Enters.,Inc. v. United States, 418 F.3d 852, 856 (8th Cir. 2005); Mentz, 359 F. Supp. 2d at 858 (quoting Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003) (quoting Osborn, 918 F.2d at 728 n.4)) (citations omitted). A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3)

the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). Because "there is no statutory procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court." Id. at 964 (quoting Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

In evaluating a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of undisputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mentz, 359 F. Supp. 2d at 858 (quoting Osborn, 918 F.2d at 730). A court may make credibility determinations and weigh conflicting evidence in resolving a motion to dismiss under Rule 12(b)(1). See T.L. ex rel. Ingram v. United States, 443 F.3d 956, 961 (8th Cir. 2006); see also Mentz, 359 F. Supp. 2d at 858. The party seeking to establish federal jurisdiction has the burden of proving that jurisdiction does in fact exist, and "this burden may not be shifted to" the other party. Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency, 2010 WL 3168368, 2 (8th Cir. 2010) (quoting Newhard, Cook & Co. v. Inspired Life Ctrs, 895 F.2d 1226, 1228 (8th Cir. 1990)); Mentz, 359 F. Supp. 2d at 858 (citing Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990)).

### III. DISCUSSION

#### A. Failure to Exhaust Administrative Remedies

It is well settled that jurisdiction over any suit against the United States requires a clear statement from the government waiving sovereign immunity, together with a claim falling within the terms of the waiver. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003) (citations omitted); see generally Hinsley v. Standing Rock Child Protective Services, 516 F.3d 668,

671-672 (8th Cir. 2008); Riley v. United States, 486 F.3d 1030, 1032 (8th Cir. 2007). In this case, Vinje brings suit pursuant to the FTCA, which, if applicable, provides the requisite waiver of sovereign immunity and authorizes suit against the United States for damages caused by negligent or wrongful acts committed by its employees within the scope of their employment. 28 U.S.C. § 1346(b). However, the Act provides:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Furthermore, the FTCA requires that an administrative tort claim be submitted to the applicable federal agency within two years after the claim accrues. 28 U.S.C. § 2401(b). The exhaustion of administrative remedies requirement is an absolute prerequisite to maintaining an action and cannot be waived. McNeil v. United States, 508 U.S. 106, 112 (1993).

The United States claims this court does not possess subject matter jurisdiction over Vinje's claims because Vinje failed to submit an administrative tort claim to USPS. See Docket No. 12 at 5. In support of their argument, the government attached a declaration from Kimberly A. Herbst[1] stating that USPS did not receive an administrative tort claim from Vinje. See Docket No. 12-1. The Complaint makes no mention of Vinje submitting any administrative claim to the USPS and

---

[1] Kimberly A. Herbst declares she is the "Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, St. Louis General Law Office" and asserts that she has full access to, and regularly utilizes Postal Service Law Department records that are maintained on each administrative claim submitted for adjudication.

4

does not allege exhaustion of Vinje's administrative remedies. Furthermore, Vinje has failed to point to anything in the record that would suggest otherwise.

Absent full compliance with the conditions placed upon the waiver of sovereign immunity provided by the FTCA, this court lacks jurisdiction to entertain Vinje's claim against the United States. See Walker v. United States, 176 F.3d 437, 438 (8th Cir. 1999). Because the record is absent of any administrative claim with the USPO, Vinje has failed to meet his burden that this court has jurisdiction.

B.     FECA - Exclusive Remedy

The United States also points out that on February 24, 2014, Vinje submitted a claim under the Federal Employee's Compensation Act ("FECA") pursuant to 5 U.S.C. §§ 8101-8152, to the USPS Dakota District Human Resource Management office. See Docket No. 12-2. According to the Declaration of Cynthia Jahr, the claim was accepted by the Department of Labor's Office of Worker's Compensation Program on April 15, 2014 and is still considered open. Id. The United States argues the fact that Vinje filed a FECA claim, which has been accepted and is still open, is an absolute bar to any district court action. See Docket No. 12-7.

The court agrees with the United States. FECA is a comprehensive worker's compensation program for federal civilian employees who are injured on the job. Like comparable state workers' compensation acts, FECA is an exclusive remedy and precludes, for example, suit under the FTCA. Lockwood Aircraft Corp. v United States, 460 U.S. 190 (1983); Pourier v. U.S., 138 F.3d 1267, 1267-68 (8th Cir. 1998). Thus, the court concludes the FECA furnishes Vinje's exclusive remedy and is an absolute bar on any district court action.

## C. Failure to respond to motion

Furthermore, under Civil Local Rule 7.1(F), the court finds that Vinje's failure to respond to the United States' motion is an admission that the motion to dismiss is well taken.

## IV. <u>CONCLUSION</u>

The Court has carefully reviewed the entire record and relevant case law. For the reasons set forth above, defendant's "Motion to Dismiss for Lack of Jurisdiction" (Docket No. 11) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 10th day of June, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court